# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50636
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS MALDONADO-JAIMES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-17-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Luis Maldonado-Jaimes appeals his within-guidelines sentence of 60 months of imprisonment imposed for his guilty plea conviction of illegal reentry after removal, in violation of 8 U.S.C. § 1326. He contends that his sentence is substantively unreasonable.[1] Because Maldonado-Jaimes did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Maldonado-Jaimes also raises two arguments foreclosed by our precedent because he seeks to preserve them for further appellate review: (1) the presumption of reasonableness should not apply to a sentence under U.S.S.G. § 2L1.2 because the guideline provision lacks an empirical basis, and (2) a failure to object to the substantive reasonableness of a sentence

object to the reasonableness of his sentence in the district court, our review is limited to plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). A within-guidelines sentence is presumed to be reasonable. *Mondragon-Santiago*, 564 F.3d at 360.

We have rejected the argument that illegal reentry is merely an international trespass and that its seriousness is overstated by § 2L1.2. *See e.g.*, *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Where the Sentencing Guidelines specifically allow it, we have also rejected that it is impermissible to "double-count" a prior conviction in both the guidelines offense level and in the criminal history calculation. *See, e.g.*, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Maldonado-Jaimes has failed to overcome the applicable presumption of reasonableness or to demonstrate error, plain or otherwise. *Mondragon-Santiago*, 564 F.3d at 360; *see Peltier*, 505 F.3d at 391-92.

AFFIRMED.

---

should not be subject to plain error review. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).